UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY ROMANO,

                Plaintiff,

v.

(IF) OFF (NAME PLATE), Correctional Officer,
and JUDITH BRIEM,

                Defendants.
_____

**DECISION AND ORDER**

1:16-CV-00701 EAW

## INTRODUCTION

Plaintiff Anthony Romano ("Plaintiff") filed this action on August 31, 2016, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. 1). Plaintiff also submitted a motion for leave to proceed *in forma pauperis*, (Dkt. 2), which the Court granted on September 13, 2016. (Dkt. 4).

On May 10, 2017, Defendant Judith Briem ("Defendant") filed a motion to revoke Plaintiff's *in forma pauperis* status and dismiss the complaint unless Plaintiff pays the filing fee. (Dkt. 14). Defendant argues that Plaintiff has had "at least three prior actions dismissed on the ground that they were frivolous, malicious, or failed to state a claim" prior to filing the instant action. (Dkt. 16). The Court ordered Plaintiff to file any response in opposition by June 1, 2017. (Dkt. 17). Plaintiff did not respond.

For the reasons stated below, Defendant's motion is granted, and Plaintiff's *in forma pauperis* status is revoked.

## DISCUSSION

Plaintiff is incarcerated at the Five Points Correctional Facility, and, as a prisoner, is required to abide by the provisions of 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915. Pursuant to § 1915(g),

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g). Where a plaintiff is granted *in forma pauperis* status but has violated § 1915(g)'s so-called "three strikes rule," a court may revoke the plaintiff's *in forma pauperis* status. *Judd v. Sec'y of Conn.*, No. 3:11cv879 (MRK), 2011 WL 7628681, at *2 (D. Conn. Dec. 9, 2011) (revoking the plaintiff's *in forma pauperis* for violating the three strikes rule). "The district court may rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted." *Harris v. City of N.Y.*, 607 F.3d 18, 23-24 (2d Cir. 2010); *see, e.g., Mason v. Nitti-Richmond*, No. 09 Civ. 7307(JGK), 2010 WL 2595108, at *1 (S.D.N.Y. June 25, 2010) ("In the context of motions to revoke IFP status, district courts routinely take judicial notice of docket sheets in order to resolve the question of how many 'strikes' the plaintiff may have for purposes of § 1915(g)."). "[T]he three strikes rule is not an affirmative defense that must be raised in the pleadings." *Harris*, 607 F.3d at 23.

Defendant asserts that Plaintiff had accrued three strikes prior to filing this action on August 31, 2016. (Dkt. 16 at 3). Plaintiff[1] received a strike in a Southern District of New York case in which his complaint was dismissed because it failed to state a claim upon which relief could be granted and sought "monetary relief from a defendant who [was] immune from such relief." *Romano v. N.Y.C. Police Dep't*, 1:04-cv-02733-MBM, Dkt. 3 (S.D.N.Y. Apr. 9, 2004). Plaintiff[2] received another strike from the Northern District of New York when that court dismissed a second amended complaint with prejudice because it was frivolous. *See Romano v. Fischer, et al.*, 9:14-CV-1176 (DNH/TWD), Dkt. 21 (N.D.N.Y. Nov. 3, 2015). Plaintiff[3] received a third strike when U.S. District Judge Richard J. Arcara dismissed a complaint for failure to state a claim upon which relief may be granted. *Romano v. Lisson et al.*, 16-CV-0081-A, Dkt. 7 (W.D.N.Y. June 16, 2016).

Additionally, even under a liberal reading, the complaint does not suggest in any way that Plaintiff "is under imminent danger of serious physical harm" within the meaning of § 1915(g). (*See* Dkt. 1).

---

[1] The Court notes that Plaintiff has the same name, but a different Department of Corrections and Community Service ("DOCCS") number from the plaintiff in the Southern District case. The plaintiff in the Southern District case was number 02-R-6674; Plaintiff's DOCCS number is 00A5352. Defendant avers that both cases were filed by the same person. (*See* Dkt. 16 at 3). Plaintiff has not challenged Defendant's assertion that Plaintiff, and not another "Anthony Romano," filed the Southern District case.

[2] The plaintiff in the Northern District case had the same DOCCS number as Plaintiff.

[3] The plaintiff in this other Western District case had the same DOCCS number as Plaintiff.

Because Plaintiff has received three strikes under § 1915(g), he does not qualify for *in forma pauperis* status, and his previously granted *in forma pauperis* status is hereby revoked. Plaintiff has until **August 10, 2017**, to pay the filing fee.

## CONCLUSION

For the forgoing reasons, Defendant's motion to revoke Plaintiff's *in forma pauperis* status (Dkt. 14) is granted.

Plaintiff has until **August 10, 2017**, to pay the filing fee. If the filing fee is not paid by that date, the Clerk of Court is directed to dismiss the complaint without prejudice and terminate the action without further order of the Court.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: July 14, 2017
       Rochester, New York