UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ANTHONY ROMANO, | |
| Plaintiff, | REPORT and RECOMMENDATION |
| v. | |
| (IF) OFF (NAME PLATE), Correctional Officer, and JUDITH BRIEM, | 16-CV-701Si(F) |
| Defendants. | |

_____

APPEARANCES:    ANTHONY ROMANO, *Pro Se*
00A5352
ATTICA CORRECTIONAL FACILITY
Box 149
Attica, New York  14011

LETITIA A. JAMES
ATTORNEY GENERAL, STATE OF NEW YORK
Attorney for Defendant Briem
DAVID J. SLEIGHT
Assistant Attorney General, of Counsel
Main Place Tower
Suite 300A
350 Main Street
Buffalo, New York  14202

**JURISDICTION**

    This case was referred to the undersigned by Honorable John L. Sinatra, Jr., on January 16, 2020, for all pretrial matters including preparation of a report and recommendation on dispositive motions.[1]  The matter is presently before the court on Defendant's motion for summary judgment (Dkt. 38).

---

[1] On May 10, 2017, Honorable Elizabeth A. Wolford referred this case to the undersigned only for nondispositive motions (Dkt. 13).  On January 3, 2020, the matter was reassigned to District Judge Sinatra (Dkt. 45).

## **BACKGROUND**

Plaintiff Anthony Romano ("Plaintiff"), an inmate in the custody of New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this civil rights action pursuant to 42 U.S.C. § 1983, on August 31, 2016, alleging that while incarcerated at Elmira Correctional Facility ("Elmira"), in Elmira, New York, Plaintiff became involved in an altercation between Plaintiff and another inmate on June 4, 2016, during which Defendant Correctional Officer If ("C.O. If") subjected Plaintiff to excessive force, and that following the altercation, Defendant Unknown Nurse or Nurse Practitioner ("Nurse") was deliberately indifferent to Plaintiff's serious medical needs by failing to provide Plaintiff with any medical treatment for injuries sustained during the altercation. By Order filed September 13, 2016 (Dkt. 4), the New York Attorney General was directed to assist Plaintiff with determining the full and correct names of Defendants C.O. If and Nurse. By letter to the court dated January 26, 2017 (Dkt. 7), Assistant New York Attorney General in Charge Michael J. Russo advised the nurse Plaintiff intended to sue is Judith Briem ("Briem"), a registered nurse employed by DOCCS at Elmira, and C.O. If likely refers to either C.O. J. Haner ("Haner"), or C.O. J. Hartman ("Hartman"), and that Briem, Haner, and Hartman all remained employed by DOCCS at Elmira. By Order filed March 14, 2017 (Dkt. 8), Chief Judge Wollford directed Plaintiff to clarify within 30 days whether Plaintiff intended to sue Haner or Hartman. Plaintiff never did so, however, and Briem is the only Defendant who has been served and appeared in this action.

On May 20, 2019, Briem filed the instant motion for summary judgment (Dkt, 38) ("Defendant's Motion"), along with a Statement of Undisputed Facts (Dkt. 39)

("Defendant's Statement of Facts"), attaching Exhibit A (Dkt. 39-1) ("Defendant's Exh. A"), the Declaration of Judith Briem, RN (Dkt. 40) ("Briem Declaration"), attaching exhibits A through C (Dkts. 40-1 through 40-3) ("Briem Exh(s). __"), and Defendant Briem's Memorandum of Law in Support of Summary Judgment (Dkt. 41) ("Defendant's Memorandum"). On June 14, 2019, Plaintiff filed a response opposing summary judgment (Dkt. 43) ("Plaintiff's Response"). Defendant did not file any reply in further support of summary judgment. Oral argument was deemed unnecessary.

Based on the following, Defendant's Motion should be GRANTED.

## **FACTS**[2]

On June 4, 2016, Plaintiff Anthony Romano ("Plaintiff" or "Romano"), then housed in Elmira Correctional Facility ("Elmira" or "the correctional facility"), was involved in an altercation with another inmate in Elmira's messhall, requiring Correctional Officers Haney and Hartman use force to separate the inmates ("the altercation"). Specifically, Hartman grabbed Plaintiff, who was on top of the other inmate involved in the altercation, and took Plaintiff to the floor where Hartman took control of Plaintiff's right arm while Haney took control of Plaintiff's left arm, and handcuffs were applied. Plaintiff then became compliant with staff, was stood up, and escorted by Haney and Hartman from the messhall to the correctional facility's infirmary for evaluation.

Upon arriving at the infirmary, Plaintiff's condition was assessed by Briem who completed an Inmate Injury Report ("Injury Report") and Use of Force Report ("Force

---

[2] Taken from the pleadings and motion papers filed in this action.

Report")[3] with regard to Plaintiff and the altercation.  Plaintiff's ambulatory health records ("AHR")[4] from Elmira include an entry dated June 4, 2016 by Briem who reported Plaintiff was involved in a fight and complained of pain in his left cheek and both wrists due to handcuffs.  AHR at Bates 451.  Briem assessed Plaintiff with a "small, very superficial abrasion left upper cheek.  No bleeding seen." *Id*.  Further, there were "no other [signs or symptoms] of trauma seen on head to toe visual exam," *id*., and Plaintiff was to follow up with sick call as needed.  *Id*.  On the June 4, 2016 Injury Report Briem completed in connection with the altercation, Plaintiff's injury is described as "a small (½") abrasion and slight swelling to left cheek.  Also complains of pain in both wrists due to hand cuffs.  No other injuries seen on head to toe visual exam." Injury Report at 1 (Dkt. 40-2 at 2).  Briem describes the treatment she provided to Plaintiff as "[a]brasion cleaned.  No other treatment necessary." *Id*.

In a June 11, 2016 memorandum to one Sgt. M. Porter, a non-party, written in response to an inmate grievance Plaintiff filed regarding the altercation ("June 11, 2016 Memo"),[5] Briem recounted examining Plaintiff following the June 4, 2016 altercation, observing Plaintiff with a small, superficial abrasion on his left cheek, but "[n]o other injuries were found and Inmate Romano denied any other injuries."  Briem Declaration ¶¶ 3-4 (referencing June 11, 2016 Memo).  Briem essentially provided the same description of Plaintiff's injuries on the Medical Report portion of the Force Report. Force Report at 1-2 (Dkt. 40-2 at 3-4).

---

[3] Both the Injury Report and the Force Report are filed as Briem Exh. B (Dkt. 40-2), with the Injury Report at Dkt. 40-2 at 2, and the Force Report at Dkt. 40-2 at 3-4.
[4] Bates-stamped pages of Plaintiff's AHR are filed as Briem Exh. A (Dkt. 40-1).
[5] Briem Exh. C (Dkt. 40-3).

4

Plaintiff was next seen at sick call on July 14, 2016 when Plaintiff complained to a health professional other than Briem of a dry cough and congestion. AHR at Bates 451. Plaintiff's AHR does not include any further entries regarding complaints related to the altercation through December 19, 2016, when Plaintiff was transferred from Elmira to another correctional facility.

## DISCUSSION

### 1. 42 U.S.C. § 1983

Plaintiff's claim against Defendant Briem is asserted pursuant to 42 U.S.C. § 1983 ("§ 1983"), which permits imposing civil liability upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws of the United States. *Patterson v. County of Oneida, New York*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting 42 U.S.C. § 1983). Section 1983, however, "'is not itself a source of substantive rights.'" *Id*. (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Rather, § 1983 "merely provides 'a method for vindicating federal rights elsewhere conferred' ...." *Id*. To succeed on a § 1983 claim, a plaintiff must establish the challenged conduct "(1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). Further, it is basic that liability under § 1983 requires a defendant's personal involvement in the alleged deprivation of a federal right. *See Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016) ("To establish a section 1983 claim, 'a plaintiff must establish a given defendant's personal involvement in the claimed

violation in order to hold that defendant liable in his individual capacity.'" (quoting *Patterson*, 375 F.3d at 229)).

The elements of a § 1983 claim, as stated, include (1) the deprivation of a federal constitutional or statutory right, and (2) by a person acting under color of state law. *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).  Thus, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed."  *Id*. (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989); and *Baker*, 443 U.S. at 140).  In the instant case, Plaintiff's claim alleging Defendant Briem was deliberately indifferent to his serious medical needs when she failed to adequately treat Plaintiff's injuries following the altercation asserts a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

**2.    Summary Judgment**

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).  The court is required to construe the evidence in the light most favorable to the non-moving party, *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011), and summary judgment may not be granted based on a credibility assessment.  *See Reyes v. Lincoln Automotive Financial Services*, 861 F.3d 51, 55 (2d Cir. 2017) ("Adverse parties commonly advance conflicting versions of the events throughout a course of litigation. In such instances on summary judgment, the court is required to resolve all ambiguities

and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." (citations, quotation marks, and brackets omitted)).  *See also Kee v. City of New York*, __ F.3d __, 2021 WL 3852241, at *12 (2d Cir. Aug. 30, 2021) ("With respect to the evidence, at the summary judgment stage, the district court is not permitted to make credibility determinations or weigh the evidence . . . ." (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322; *see Anderson*, 477 U.S. at 247-48 ("summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").  "A fact is material if it 'might affect the outcome of the suit under governing law.'"  *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson*, 477 U.S. at 248).

"[T]he evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions."  *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988)).  A defendant is entitled to summary judgment where "'the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on'" an essential element of a claim on which the plaintiff bears the burden of proof.  *In re Omnicom Group, Inc., Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010) (quoting *Burke v. Jacoby*, 981 F.2d 1372, 1379 (2d Cir. 1992)).  Once a party moving for summary judgment has made a properly

supported showing of the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995). "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. New York City Dept. of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996). "An issue of fact is genuine and material if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Cross Commerce Media, Inc. v. Collective, Inc.*, 841 F.3d 155, 162 (2d Cir. 2016) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133,137 (2d Cir. 2009)).

In the instant case, Defendant argues in support of summary judgment that Plaintiff cannot satisfy either the objective or subjective prong of his Eighth Amendment deliberate indifference claim. Defendant's Memorandum at 3-6. Plaintiff's Response filed in opposition to summary judgment consists of 12 pages of repeated complaints that Plaintiff is unable to properly respond without counsel being appointed,[6] and assertions that Chief Judge Wolford, to whom this case was previously assigned, is biased against Plaintiff. Plaintiff's Response, *passim*.

3. **Eighth Amendment Deliberate Indifference to Serious Medical Need**

"A convicted person's claim of deliberate indifference to his medical needs by those overseeing his care is analyzed under the Eighth Amendment because the right the plaintiff seeks to vindicate arises from the Eighth Amendment's prohibition of 'cruel

---

[6] The court notes Plaintiff filed five motions seeking appointment of counsel (Dkts. 29, 35, 48, 51, and 53), each of which was denied by the undersigned based on a perception that it was unlikely Plaintiff could prevail on the merits of his claim. (Dkts. 31 (denying Dkt. 29), 36 (denying Dkt. 35), 49 (denying Dkt. 48), and 54 (denying Dkts. 51 and 53).

and unusual punishment.'" *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009) (quoting *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996)), *overruled on other grounds by Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017).  The Eighth Amendment thus imposes on prison officials a duty to ensure inmates receive adequate medical care, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), yet "not every lapse in medical care is a constitutional wrong.  Rather, 'a prison official violates the Eighth Amendment only when two requirements are met,'" one requirement being objective, and the other subjective.  *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer*, 511 U.S. at 834).

"The objective component requires that 'the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists.'"  *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)).  Whether a deprivation is objectively serious depends on two inquiries, including (1) "whether the prisoner was actually deprived of adequate medical care," such that "'prison officials who act reasonably [in response to an inmate-health risk] cannot be found liable under the Cruel and Unusual Punishments Clause,'" *Salahuddin*, 467 F.3d at 279 (bracketed material in original), and (2) "whether the inadequacy in medical care is sufficiently serious," *i.e.*, "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner."  *Id*. (citing *Helling v. McKinney*, 509 U.S. 25, 32-33 (1993) (holding prison inmates may complain about both current harm and "very likely" future harm)).  "Subjectively, the official charged with deliberate indifference must act with a 'sufficiently culpable state of mind.'"  *Hill*, 657 F.3d at 122

(quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). To wit, "the official must 'know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837). A claim of medical malpractice will not support an Eighth Amendment violation; rather, the plaintiff must establish that the defendants who allegedly engaged in the medical malpractice were deliberately indifferent to his serious medical needs. *Hill*, 657 F.3d at 122. Nor does a prison inmate "have the right to choose his medical treatment as long as he receives adequate treatment." *Id*. at 123. Neither disagreement as to the proper course of medical treatment, nor medical malpractice will establish an Eighth Amendment deliberate indifference claim. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (medical malpractice insufficient to support deliberate indifference claim absent evidence of "culpable recklessness, *i.e.*, an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm." (internal quotation marks and citations omitted)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("Mere disagreement over the proper treatment" without more does not support an Eighth Amendment deliberate indifference claim).

      In support of summary judgment, Defendant argues the "small, very superficial abrasion on [Plaintiff's] left cheek" which was not bleeding, as well as Plaintiff's complaints of wrist pain from the handcuffs are not sufficiently serious to satisfy the Eighth Amendment's objective prong. Defendant's Memorandum at 5-6. With regard to the subjective prong, Defendant maintains the evidence in the record fails to support the

conclusion that Briem ignored Plaintiff's complaints or wished Plaintiff any harm so as to establish a sufficiently culpable state of mind. *Id*. at 6.

Although Plaintiff does not offer any substantive argument in opposition to summary judgment, Plaintiff does not dispute Defendant's description of Plaintiff's injuries sustained as a result of the altercation, which description is consistent with the supporting evidence including Plaintiff's AHR, the Injury Report, the Force Report, and the June 11, 2016 Memo, including that Plaintiff had a small, superficial abrasion on his left cheek and complained of wrist pain caused by the handcuffs that were applied following the incident. Briem Declaration ¶¶ 3-4 (citing Briem Exhs. A, B and C). Nor does Plaintiff deny that Briem cleaned the abrasion, and that Plaintiff sought no additional treatment for his asserted injuries after June 4, 2016. Similar injuries have been held too insignificant to support the objective prong of an Eighth Amendment deliberate indifference claim which, as discussed, Discussion, *supra*, at 9, requires "'a condition of urgency, one that may produce death, degeneration, or extreme pain . . . .'" *Hill*, 657 F.3d at 122 (quoting *Hathaway*, 99 F.3d at 553). *See, e.g., Tafari v. McCarthy*, 714 F.Supp.2d 317, 354 (N.D.N.Y. 2010) (finding inmate plaintiff's injuries consisting of two bruises and superficial laceration on his body were not sufficiently significant to satisfy the objective element of an Eighth Amendment deliberate indifference claim); *see also Jones v. Furman*, 2007 WL 894218, at *10 (W.D.N.Y. Mar. 21, 2007) (granting summary judgment to defendants on the objective prong of inmate plaintiff's Eighth Amendment deliberate indifference to serious medical need claim where the medical records established the plaintiff sustained only two small abrasions to his nose and knuckle, pain and a lump behind his right ear, a lump on the back of his head, and

bruising to his back, ribs, and legs). Accordingly, Plaintiff has not pointed to any genuine issue of material fact which, if decided in his favor, would satisfy the objective element of his Eighth Amendment deliberate indifference claim against Briem.

With regard to the subjective element of his Eighth Amendment deliberate indifference claim, a careful review of the evidence in the record reveals nothing establishing a question of fact that Briem purposefully withheld treatment of Plaintiff's injuries following the altercation. Significantly, Plaintiff does not deny Briem cleaned the abrasion on his left cheek, and fails to allege what treatment he maintains was withheld, let alone what harm befell Plaintiff based on any withheld treatment. Accordingly, the record also fails to support the subjective prong of Plaintiff's Eighth Amendment deliberate indifference claim. *See*, *e.g.*, *Riley v. Fischer*, 2019 WL 8501516, at * 9 (W.D.N.Y. Mar. 11, 2019) (recommending granting summary judgment in favor of DOCCS defendant on inmate plaintiff's Eighth Amendment deliberate indifference to serious medical need claim where the absence of any evidence in the record that plaintiff was denied any treatment for a back condition deprived the court of any basis on which to find the failure to treat the back condition was done with a sufficiently culpable state of mind to satisfy the subjective prong), *report and recommendation adopted*, 2020 WL 897169 (W.D.N.Y. Feb. 25, 2020).

Because Plaintiff is unable to support both the objective and subjective elements of his Eighth Amendment deliberate indifference claim against Defendant Briem, Defendant's motion for summary judgment should be GRANTED.

## **CONCLUSION**

Based on the foregoing, Defendant's Motion (Dkt. 38), should be GRANTED.

The Clerk of Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 2nd, 2021
         Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the Plaintiff and to the attorneys for the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 2nd, 2021
         Buffalo, New York