UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

ANTHONY ROMANO,

                Plaintiff,

v.                                                   16-CV-701 (JLS) (LGF)

(IF) OFF (NAME PLATE), Correctional
Officer, and
JUDITH BRIEM,

                Defendants.

───────────────────────────────

## DECISION AND ORDER

*Pro se* Plaintiff Anthony Romano commenced this action on August 31, 2016, pursuant to 42 U.S.C. § 1983, based on an incident that occurred while he was incarcerated at Elmira Correctional Facility. Dkt. 1. He alleges that, after an altercation with another inmate on June 4, 2016, "Correctional Officer If" subjected him to excessive force, and "Unknown Nurse or Nurse Practitioner" was deliberately indifferent to his serious medical needs by failing to provide him with any medical treatment for injuries sustained during the altercation.

Pursuant to an order from the Court, Assistant New York State Attorney General in Charge Michael J. Russo advised that the nurse Romano intended to sue was Judith Briem, and the correctional officer was either J. Haner or J. Hartman. Dkt. 7. After being ordered to clarify whether he intended to sue Haner or Hartman, Romano explained that he could not distinguish between the two, and

instead provided a description of the intended correctional officer. Dkt. 10. Assistant New York Attorney General David Sleight then indicated that neither Haner nor Hartman fits the description provided by Romano. Dkt. 28. Briem is the only identified Defendant who has been served and appeared in this action.

On May 20, 2019, Briem filed a motion for summary judgment arguing that Romano cannot prove the objective and subjective prongs of a deliberate indifference claim. Dkt. 38. She asserts that the injuries Romano sustained—a small abrasion on his left cheek and wrist pain from handcuffs—are not sufficiently serious to satisfy the objective prong. With respect to the subjective prong, Briem argues that the record fails to establish that she wished Romano any harm as it indicates that she did not ignore any of his complaints, and that Romano failed to make any further complaints related to the June 4 altercation. Romano filed a response, but it did not provide any substantive arguments. Dkt. 43.

On January 16, 2020, the Court referred this case to United States Magistrate Judge Leslie Foschio for all pre-trial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 46. Pursuant to the referral order, Judge Foschio was to hear and report upon dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). *Id.* On September 2, 2021, Judge Foschio issued a Report and Recommendation ("R&R") that recommends granting Briem's motion. Dkt. 57. No objections were filed.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district

court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Otherwise, a district court must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

Based on the Court's review and the absence of any objections, the Court accepts and adopts Judge Foschio's recommendation to grant Briem's motion for summary judgment.

## CONCLUSION

For the reasons stated above, and in the R&R, Briem's motion for summary judgment is GRANTED. Romano's claims are DISMISSED. The Clerk of Court shall close this case.

**SO ORDERED.**

Dated:   September 28, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE